[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10634
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20652-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT LEWIS MORGAN,
a.k.a. Albert Johnson
a.k.a. Arthur Wilson
a.k.a. Edward Jones,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 29, 2020)

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Robert Lewis Morgan, a federal prisoner proceeding pro se, appeals the district court's denial of his Federal Rule of Civil Procedure 60(b) motion in which he sought to challenge his criminal convictions based on alleged Fourth and Fifth Amendment violations. But, on appeal, Morgan does not argue about the alleged Fourth and Fifth Amendment violations at all, much less challenge the bases for the district court's denial. Instead he argues, for the first time on appeal, that his counsel was ineffective in violation of the Sixth Amendment because counsel advised him to plead guilty to "knowingly" committing crimes when Morgan had not in fact acted "knowingly." He claims that he is innocent. For the following reasons, we affirm.

To start, "[i]t is well established in this circuit that, absent extraordinary circumstances, legal theories and arguments not raised squarely before the district court cannot be broached for the first time on appeal." *Bryant v. Jones*, 575 F.3d 1281, 1308 (11th Cir. 2009). As Morgan did not raise his ineffective assistance or innocence arguments before the district court in his motion, we will not consider them for the first time on appeal.

Further, "when an appellant fails to challenge properly on appeal . . . the grounds on which the district court based its [decision], he is deemed to have

abandoned any challenge of [those] ground[s]," and affirmance is due. *United States v. King*, 751 F.3d 1268, 1277 (11th Cir. 2014) (per curiam) (alteration adopted). Here, the district court denied Morgan's motion because "Rule 60(b) simply does not provide relief from judgment in a criminal case" and Morgan was "attempting to circumvent filing an amended pleading in his pending 28 U.S.C. § 2255 case." Morgan did not challenge properly on appeal either of those grounds. Therefore, he has abandoned any challenge of them, and we affirm.

    **AFFIRMED.**